1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT M. BAKER, an individual,

              Plaintiff,

    v.

DELTA AIR LINES, INC., a Foreign
Corporation,

              Defendants.

NO.

COMPLAINT FOR DAMAGES

JURY DEMAND

COMES NOW the Plaintiff, by and through his undersigned attorneys, and alleges as follows:

## I.    THE PARTIES

1.1    At the time of the incident, Plaintiff Robert Mark Baker was a resident of Arlington, Snohomish County, Washington, and he is currently a resident of Bellingham, Whatcom County, Washington.

1.2    At all times material hereto, Defendant Delta Air Lines, Inc. (hereinafter "Delta") is and has been a Delaware corporation headquartered at 1030 Delta Blvd., Atlanta, Georgia 30354. Delta maintains a registered agent for service with a physical address in Tumwater, Washington. Delta operates regularly scheduled commercial flights under 14 C.F.R. Part 121.

COMPLAINT FOR DAMAGES - 1

1.3     All pronouns and other indications of gender or biological sex are meant to be nonspecific and interchangeable.

## II.     JURISDICTION AND VENUE

2.1     Mr. Baker re-alleges and incorporates by reference all preceding paragraphs in this complaint as if fully set forth herein.

2.2     Federal Question jurisdiction is proper under 28 U.S.C. §1331. The subject matter of this claim involves an accident that occurred during international air travel, and Mr. Baker's cause of action arises from a treaty agreement, namely Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999, reprinted in S. Treaty Doc. 106-45 at 27 (2000) 1999 WL 33292734 (entered into force November 4, 2003), commonly referred to as the Montreal Convention (hereinafter "Montreal Convention").

2.3     The United States District Court for the Western District of Washington has jurisdiction over Delta and is a proper venue for this action under Article 33 of the Montreal Convention because the State of Washington is: (1) a state in which Delta has a place of business through which the contract was made, (2) the place of destination for Mr. Baker's round trip itinerary, and (3) the principal and permanent place of residency for Mr. Baker and a place from which Delta operates services for the carriage of persons by air from premises leased or owned by the carrier itself or by another carrier with which it has a commercial agreement.

2.4     This Court has personal jurisdiction over Delta because Delta has sufficient minimum contacts with, and has purposefully availed itself of the benefits of doing business in, this State and District—in particular at Seattle-Tacoma International Airport in King County.

2.5     Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this district.

COMPLAINT FOR DAMAGES - 2

2.6     Assignment to the Seattle Courthouse is proper under LCR 3(e) because a substantial part of the events and omissions giving rise to the incident occurred in King County.

### III.     FACTS

3.1     Prior to March 4, 2022, Mr. Baker and Delta entered into a contract for international carriage, as that term is known and defined in Article 1 of the Montreal Convention, providing Mr. Baker with roundtrip international travel.  The outgoing portion of the itinerary provided for travel by air from SeaTac, Washington, United States to Cancún, Mexico.  The return portion of the itinerary provided for travel by air from Cancún to SeaTac.

3.2     Pursuant to this contract for international carriage, on or about March 4, 2022, Mr. Baker was a passenger on DL0594, from Seattle-Tacoma International Airport (SEA) to Cancún International Airport (CUN).

3.3     Mr. Baker and his travel companion purchased first class airfare and were therefore among the first passengers to board flight DL0594.

3.4     After passing through the gate, Mr. Baker made his way down the jet bridge. As he approached the entry to the aircraft towards the end of the jet bridge, Mr. Baker slipped on a wet surface or otherwise hazardous condition and fell.

3.5     Fellow passengers assisted Mr. Baker to his feet, and he made his own way to his seat in the first-class cabin of DL0594.

3.6     The fall occurred in view of the Delta flight attendants within the entry of the aircraft.

3.7     Delta employees posted cautionary signs on the jet bridge immediately after Mr. Baker's fall, to warn other passengers.

COMPLAINT FOR DAMAGES - 3

Krutch Lindell Bingham Jones, P.S.
3316 Fuhrman Avenue East, Suite 250
Seattle, WA 98102
206-682-1505

## IV.     CAUSE OF ACTION

4.1     At the time of this incident, Delta was engaged in international carriage as defined in Article 1 of the Montreal Convention, and the Montreal Convention is therefore applicable to this action, pursuant to that same Article.

4.2     Pursuant to Articles 17 and 21 of the Montreal Convention, Delta is strictly liable for a passenger's bodily injury for amounts up to 128,821 Special Drawing Rights and presumptively liable beyond 128,821 Special Drawing Rights.

4.3     Delta and/or its employees acted negligently, in a manner that directly and proximately caused and/or contributed to Mr. Baker's injuries, including, but not limited to, failing to maintain, repair, and/or inspect the jet bridge for safety issues; failing to adopt and/or failing to execute sufficient policies or procedures to prevent or deter such incidents on their flights; failing to adequately train personnel; and/or failing to warn passengers.

4.4     As a direct and proximate result of the incident described herein, and the errors and omissions of Delta, Mr. Baker has suffered injuries and damages as are described below.

## V.     DAMAGES

5.1     Mr. Baker has suffered in the past, continues to suffer presently, and will suffer in the future, damages which include, but are not limited to, the following: physical pain and suffering; shock; emotional distress; embarrassment; anxiety; anguish; depression; loss of enjoyment of life; expense of medical care, and other medical special damages; and further injuries and damages as will be proven at trial.

## VI.     JURY DEMAND

6.1     Plaintiff hereby requests a jury trial in this matter.

COMPLAINT FOR DAMAGES - 4

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Avenue East, Suite 250
Seattle, WA 98102
206-682-1505

## VII.    PRAYER FOR RELIEF

WHEREFORE, Mr. Baker prays for judgment against Defendant, in amounts to be proven at trial, for damages as outlined above, and as follows:

7.1    For Mr. Baker's general damages for pain, shock, emotional distress, embarrassment, anxiety, anguish, depression, and loss of enjoyment of life as set forth above.

7.2    For all past, present and future special damages, including, but not limited to, all medical expenses, and all other recoverable special damages as may result from the injuries to Mr. Baker alleged herein.

7.3    For all other general and special damages recoverable under Washington State law, the Montreal Convention, or any other applicable law or treaty.

7.4    For pre- and post-judgment interest.

7.5    For costs, including reasonable attorneys' fees as allowed by law.

7.6    For such other and further relief as the Court may deem just and equitable.

DATED this 13th day of February, 2024.

KRUTCH LINDELL BINGHAM JONES, P.S.

By: */s/ J. Nathan Bingham*
 */s/ James T. Anderson*
 J. Nathan Bingham, WSBA #46325
 James T. Anderson, WSBA #40494

 *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 5

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Avenue East, Suite 250
Seattle, WA 98102
206-682-1505